WRIT of error to the Common Pleas of Luzerne county.
The suit was brought to June term 1791, on a promissory note, dated 16th June 1778. The declaration stated it to be for iool. “lawful money,” “meaning lawful money of the state of Connecticut.”
In January term 1793, the defendant confessed judgment to the plaintiff, reserving liberty to move the court for their opinion, whether the debt should be reduced by the Pennsylvania or Connecticut scale of depreciation. The point was afterwards moved, and the court were of opinion that the debt should be calculated by the Connecticut scale, and gave judgment for the plaintiff for 60I. 17s. nd. damages, and 61. is. iod. costs.
Upon the record being read, the court here observed, that the same point had come before M’Kean C. J. and Yeates J., at Nisi Prius at Wilkesbarre, May assizes 1792, between Burret administrator of Hibberd and Spencer, when they were clearly of opinion in a like case, that the money should be reduced by the Connecticut scale. The term “lawful money, ’ ’ is almost peculiar to the people of that state, and the import of the words is thoroughly ascertained there. It was a transaction between people who claimed to be citizens of that state, and it is well known that Connecticut exercised jurisdiction at Wioming several years after the revolution. Luzerne was not erected into a county, by our laws, until the 25th September 1786. The parties must necessarily have had in contemplation the “lawful money of Connecticut,” *349 when the note was given. Proceedings of the court below affirmed.
Mr. Tilghman pro quer. Mr. Thomas pro def.